IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>    Drema O'Dell<br><br>Debtor<br><br>Cascade Funding RM 1<br>Alternative Holdings, LLC,<br><br>Movant<br><br>vs.<br><br>Drema O'Dell a/k/a Floridarcllc@gmail.com<br><br>Respondent<br><br>Scott F. Waterman, Esquire<br><br>Trustee | CHAPTER 13<br>NO. 22-12578 AMC<br><br><br><br>11 U.S.C. § 362 |

## DEBTOR'S RESPONSE TO CASCADE FUNDING RM1 ALTERNATIVE HOLDINGS, LLC'S SUPPLEMENT IN SUPPORT OF ITS MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362

1. Denied.

2. Admitted in part. The Order attached to Movant's Supplement as Movant's Exhibit A is an accurate copy.

3. Admitted in part. Movant's Exhibit B is an accurate copy of the April 1, 2024.

4.  Admitted in part. Movant's Exhibit C is an accurate copy of the May 28, 2025 Order.

5.  Denied. What anyone at Cascade Funding may or may not have determined is beyond the Respondent's knowledge, but it is absolutely clear that the thirty day period after the entry of judgment on the specific performance decision on October 17, 2022 had long lapsed by the time Cascade's first petition to open was filed and by the time of the April 1, 2024 decision on that petition. Counsel for the Movant is well aware that the appeal period on the October 17, 2022 judgment had lapsed. To the extent that Counsel for the Movant is representing that Movant or its counsel are exercising some sort of discretion and implying some sort of intent toward conciliatory consideration to not burden the courts with further pointless litigation, the representation is false. The Movant had and has no valid basis to appeal the October 17, 2022 Order and no basis to appeal the April 1, 2024 Order.

6.  Admitted in part. The Movant's Exhibit A is an accurate copy of the October 17, 2022 Order. The Movant's characterization of "However" is denied. The omission of a specific date for a closing on the sale was and is intentional. The provision that the Debtor may provide the payment through financing necessitates that there be no specific date for closing, since mortgage lenders will not confirm or extend financing during the Debtor's—or any other buyers'—bankruptcy.

7.  Denied. The Movant's Exhibit A is an accurate copy of the October 17, 2022 Order.

8.  Denied. Again, the Respondent/Debtor does not know what Movant or its counsel may have "determined". However, Movant's ¶8 in its Supplement is presenting a materially alternative basis for its Motion for Limited Relief. In the

Motion before this Court, the Movant was seeking relief from the stay for the sole purpose of pursuing in the Court of Common Pleas of Chester County, Pennsylvania a complaint in specific performance of its own. As was pointed out in Respondent's/Debtor's response to the Movant's Motion, specific performance is a remedy in equity, and Movant's continuing breach of the agreement of sale renders the Movant ineligible for equitable relief in the Court of Common Pleas of Chester County, Pennsylvania, pursuant to a very long line of cases addressing equity claims in Pennsylvania. The Movant's ineligibility for specific performance is one of the reasons why Movant's Motion for Limited Relief should be denied, since the intended course of action that Movant cites as justification for the relief is not a course of action available to the Movant.

The Movant now understands that it cannot seek specific performance in the Court of Common Pleas and is using the Movant's Supplement filing as a means of <u>sneaking</u> in a substitute motion.

The Movant is presenting two new intended courses of conduct: (1) a new Quiet Title action and (2) a <u>THIRD</u> motion to strike.

While an Action to Quiet Title is "conformed" to the procedure of a civil action pursuant to Pa.R.C.P. 1061, *et seq.*, it is still fundamentally an action at equity. *See Sutton v. Miller*, 592 A.2d 83, 405 Pa. Superior Ct. 213 (1991).

Movant's cited basis for its intended Quiet Title action is, again, the Agreement of Sale and the October 17, 2022 Order requiring Movant's specific performance of the Agreement of Sale. Cascade Funding RM1 Alternative Holdings, LLC failed to attend the scheduled closing on the sale and consistently denied the existence and enforceability of the of the Agreement of Sale from the date of its

execution in October of 2020 to Movant's second Motion to Strike in 2025. The Movant has been in continuing breach of contract since its inception. Consequently, since the Movant has been in continuing breach of the Agreement of Sale for the last five years the Movant is not, itself, entitled to specific performance. *See Cimina v. Bronich*, 537 A.2d 1355, 517 Pa. 378 (1988). Therefore, Movant is not entitled to Quiet Title in its favor, either.

Cascade Funding RM1 Alternative Holdings, LLC is not entitled to equitable relief in connection with the Agreement of Sale it has breached. If the Court of Common Pleas cannot, as a matter of law, give the relief, then the Movant should not be relieved from the Stay to seek, frivolously and in bad faith, that prohibited cause of action.

The Movant is also asking for an opportunity to file a THIRD motion to strike. Admittedly, the Movant keeps changing the description of what it is asking to have to Court of Common Pleas of Chester County, Pennsylvania strike, but a review of the April 1, 2024 and May 28, 2025 Orders from the Court of Common Pleas demonstrates that the Movant keeps asking that Court to strike the decision on the enforceability of the Agreement of Sale. The Movant's recitation in ¶8 of its Supplement indicates that the Movant's intent is to file another motion to strike the decision on the enforceability of the Agreement of Sale. The October 17, 2022 Order is not subject to rescission, amendment, modification or appeal. It is a standing, final Order of the Court of Common Pleas. The Movant is not entitled under Pennsylvania law to a third contest of it.

The Movant should not be given relief from the stay to pursue a frivolous, pointless third motion to strike.

9.      Admitted in part, denied in part. It is admitted that Cascade has paid substantial fees. It is denied that they could amount to $350,000. Cascade's deed was filed in 2021, which would have any of Cascade's third party responsibilities commence in 2022. The taxes are approximately $5,800 per year. Insurance is approximately $1,300 per year. Fees to the homeowners association are approximately $2,400 per year. $9,500 per year is still a substantial sum, but it would total to closer to $41,000 for the 2022-2025 period.

As is explained below, any third party responsibilities of Cascade are not relevant to the Motion for Limited Relief. If the Court does wish to consider them in adjudicating Movant's motion, the Debtor insists that Movant be required to document in an appropriate evidentiary record on this Motion for Limited Relief the basis, dates, amounts, accounts, payors, payees and current states of these payments.

Whether Cascade is or will continue to be responsible to pay fees is a legal conclusion, which is deemed denied without further response. The issue of financial responsibilities to third parties is not before this Court, anyway, and is not material or relevant to the Movant's Motion for Limited Relief.

Furthermore, this circumstance or status of financial responsibility is of Movant's own making. Cascade Funding RM1 Alternative Holdings, LLC could have closed on the sale years ago, when the Debtor scheduled the closing. Cascade Funding RM1 Alternative Holdings, LLC could have honored the Agreement of Sale before Debtor's bankruptcy filing. The Agreement of Sale was properly included in the Debtor's documentation, and Cascade Funding RM1 Alternative Holdings, LLC had every opportunity to submit a proof of claim and had the property, the

expenses and the Agreement of Sale addressed in the creditors meetings, the bankruptcy schedules and the payment plan. But Cascade Funding RM1 Alternative Holdings, LLC continued to deny the existence and enforceability of the Agreement of Sale.

It was Cascade Funding RM1 Alternative Holdings, LLC's counsel who directed the Debtor to seek specific performance of the Agreement of Sale. It was couched in the terms of a reason why an agreement to settle CIT Bank's ejectment action should not be enforced, but it was Cascade Funding RM1 Alternative Holdings, LLC's suggestion nonetheless. The Debtor filed a complaint to seek specific performance, and the Debtor was awarded a judgment directing specific performance of the Agreement of Sale.

It may not be the situation that the Movant would prefer, but it is the situation that the Movant made.

The October 17, 2022 Order explicitly authorizes the Debtor to finance the purchase of the property. The Movant and this Court should be aware that banks and lending institutions will not authorize or provide financing for the purchase of real estate while the buyer is still in an active bankruptcy. In order to give effect to that provision in the Order, the Debtor has to be allowed to seek and secure financing in the ordinary course of business with lending institutions. If an opportunity to secure financing arises during the bankruptcy, the Debtor will pursue that in good faith and promptly, with all due diligence. Otherwise, the Debtor cannot be compelled to disregard the terms of the October 17, 2022 Order. If financing is not an option until the plan is complete and the bankruptcy is closed or discharged, then that is a consequence that all parties have to bear.

Another aspect of the Movant's cited financial responsibilities to third parties which affects the ability of the Debtor to apply for and secure financing for the purchase of the property is the involvement of the homeowners association for which the Movant cites to have been paying fees, and the homeowners association's maintenance and repair responsibilities for the exterior of the structure at 1801 Whispering Brooke. Movant has not elected to make any repairs to the structure, despite the need for substantial repairs having been cited in appraisals of the property which were made and communicated during litigation prior to Debtor's bankruptcy filing. Movant has been aware of the appraisals and the repairs needed since before Movant received its deed and since before the bankruptcy filing.

Movant is aware that, pursuant to the declaration, rules and regulations applying to the homeowners association, the homeowners association is responsible for repairs to the exterior of the structure at 1801 Whispering Brooke, including maintenance, repair and/or replacement of the roof of that structure. Movant has not directed the homeowners association to inspect the exterior of the structure and repair the exterior of the structure, and has not directed the homeowners association to repair the roof of the structure despite Movant's knowledge of leaks and other deterioration of the roof. The Debtor has disclosed to CIT Bank, the prior litigant with regard to the pre-bankruptcy filing mortgage and ejectment actions, and to Movant in communications with the prior litigant's counsel of other aspects of the property, including the heating system and the well pump and water supply, which Debtor believes are also part of the homeowners association's repair responsibilities.

Movant cites to fees, taxes and expenses it allegedly paid and implies that it is losing value of the property over the passage of time, but Movant is not mitigating its

implied losses by directing the homeowners association to make the repairs that Movant knows the property requires, despite Movant allegedly paying the homeowners association the HOA fees to provide those repairs.

This is relevant to the issue of financing because, as this Court should know, and as Movant certainly knows, a lender will not provide financing on the purchase of a property with these sorts of repairs unresolved. At some point, the conditions could become bad enough that the property would not be certified for occupancy. A lender will not issue financing and would declare a default if the property would become condemned.

As Debtor pointed out in the response to Movant's Motion for Limited Relief, the Debtor is the equitable owner of the property at 1801 Whispering Brooke by operation of law relating to the Agreement of Sale. However, so far, the Debtor has been unable to get the homeowners association to fulfill its responsibilities with regard to the roof, other exterior issues and fixtures in the property. Movant cites to having assumed financial responsibilities to third parties in connection with its receiving a deed in 2021, but Movant cites to them as being all cost and no benefit. Movant is not participating in good faith with regard to those responsibilities and relationships, and by failing to properly and appropriately engage services connected to those responsibilities and relationships, Movant is not mitigating whatever implied losses it alleges it is suffering. Outside the context of the Motion for Limited Relief, Movant should be directing the homeowners association to provide the services which the homeowners association is required to provide to the property.

With all of that in mind, any of Movant's financial responsibilities to third parties are still not relevant or applicable to its original motion, which says that

Movant is seeking limited relief from the automatic stay in order to pursue only a complaint in equity at the Court of Common Pleas of Chester County, Pennsylvania on only a specific performance claim relating to the Agreement of Sale. Any financial responsibilities that Movant may have to third parties have no bearing on specific performance of the Agreement of Sale, and therefore have no bearing on Movant's Motion for Limited Relief.

If the Movant wishes to address financial responsibilities to third parties, the Motion for Limited Relief is not the appropriate forum, and the Movant should propose some appropriate forum or venue.

Regardless, the Movant's concerns are not a valid basis for the Limited Relief from the Stay that the Movant requests, and the Motion for Limited Relief should be denied.

10. Denied. Movant's ¶10 consists of a request for relief, which is not really subject to an admit/deny response. Rule 4001(a)(4) gives the parties to a bankruptcy a short extension of the stay in the event of a decision to lift the stay so that the parties are not put into some immediate hardship by the change of status. One can assume that the general recitation of financial responsibilities to third parties cited in Movant's ¶9 is supposed to be the basis for the Movant's request for relief from Rule 4001(a)(4), but there is nothing in that recitation that addresses the fourteen days. There is no indication in Movant's ¶9 that a fourteen day extension of the stay would prejudice the Movant in any way. There is no specific liability that Movant claims will be assessed or levied or not as a result of the fourteen day period.

Movant's Motion for Limited Relief is presented in a contested context. As this Court is aware, there is an ejectment action, the decision of which has been

appealed to the Pennsylvania Superior Court, which appeal has been stayed pursuant to the bankruptcy. Any limited relief from the stay should include language to secure the application of the stay to the ejectment action and the appeal. If an inadvertent error in the language in any order granting limited relief from the stay would affect the state of the Superior Court appeal, the Rule 4001(a)(4) period would provide some time to address a correction of such an error.

If this Court does issue an Order granting limited relief from the stay to the Movant, that order should be subject to Rule 4001(a)(4) and allow for that brief extension of the stay for everybody.

WHEREFORE, the Debtor requests that this Court deny Cascade Funding RM1 Alternative Holdings, LLC's Motion for Limited Relief from the Automatic Stay.

I.  **This Court's Request to Movant's Counsel**

Your Honor directed Movant's Counsel to provide you with an assessment of the references to the Automatic Stay in the Orders from the Court of Common Pleas of Chester County for the April 1, 2024 Order and the May 28, 2025 Order. Your Honor should have noticed that Movant's counsel did not directly address the references in those Court of Common Pleas Orders to the stay.

If you review the Orders, which are attached to Movant's Supplement as Movant's Exhibits B and C, you will see that the Honorable Anthony T. Verwey addresses the issue in each Order as a preliminary question of jurisdiction. Judge

Verwey recites language from Section 362 and from a case in Pennsylvania Superior Court also citing the Third Circuit Court of Appeals to explain why the stay does not restrict the Court of Common Pleas from hearing and deciding the Movant's petitions to open and vacate judgments.

Movant's motions to open and vacate were denied on their merits. They were not denied as a consequence of the Section 362 stay.

II. **A decision based on specific contested facts alleged in Movant's Motion for Limited Relief requires that a record be made and testimony be taken**

There are allegations in the original Motion for Limited Relief which the Debtor contests. The Movant, in ¶6 and ¶7 of the original Motion for Limited Relief claims that Cascade Funding RM1 Alternative Holdings, LLC filed an action of its own and was awarded relief in the Court of Common Pleas of Chester County, Pennsylvania. The Debtor has not found any reference to that action despite several searches of the docket through the public access portal for that Court of Common Pleas. There are also several characterizations which Movant makes in the Motion for Limited Relief which the Debtor contests. In its ¶15, the Movant cites to multiple communications regarding a settlement, where the Debtor is aware of only one. Further, the Debtor offers to prove that any settlements or closings proposed by Cascade Funding RM1 Alternative Holdings, LLC were not presented in good faith, since everyone involved is fully aware that the Debtor cannot get financing for the purchase while the bankruptcy is still open.

Movant now introduces new allegations of fact, especially in ¶9 of its Supplement, which the Debtor contests.

To the extent that a decision on the Movant's motion is going to be made on the basis of any one or more of these contested issues, this Court should schedule a hearing for the Movant to introduce testimony and evidence on each of these issues and for the Debtor to cross examine witnesses and evidence and to present proper rebuttal testimony and evidence.

There is more than enough agreed material already in the record for this Court to deny the Motion for Limited Relief, and if the Court is inclined to deny the Motion on the existing record, the Debtor does not contest such a decision. However, if a decision on the Motion for Limited relief is to be made on the contested issues of fact, a record should be made.

WHEREFORE, the Debtor Respondent moves that the instant Motion For Limited Relief From The Automatic Stay be denied.

Respectfully,

*/s/ Drema O'dell*

Drema O'dell, *Pro Se*
P.O. Box 205
Edgmont, PA 19028
267-418-5177

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>    Drema O'Dell<br><br>            Debtor<br><br>Cascade Funding RM 1<br>Alternative Holdings, LLC,<br><br>            Movant<br><br>            vs.<br><br>Drema O'Dell a/k/a Floridarcllc@gmail.com<br><br>            Respondent<br><br>Scott F. Waterman, Esquire<br><br>            Trustee | CHAPTER 13<br>NO. 22-12578 AMC<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>11 U.S.C. § 362 |

**ORDER**

AND NOW, this _____ day of _____, 2025, upon Cascade Funding RM1 Alternative Holdings LLC's Motion for Limited Relief from the

Automatic Stay Under Section 362, and Debtor Drema O'Dell's response thereto, it is hereby ORDERED and DECREED that the said Motion is DENIED.

BY THE COURT:

_____
J.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>    Drema O'Dell<br><br>    Debtor<br><br>Cascade Funding RM 1<br>Alternative Holdings, LLC,<br><br>    Movant<br><br>    vs.<br><br>Drema O'Dell a/k/a Floridarcllc@gmail.com<br><br>    Respondent<br><br>Scott F. Waterman, Esquire<br><br>    Trustee | CHAPTER 13<br>NO. 22-12578 AMC<br><br><br><br><br><br><br><br><br><br><br><br><br><br>11 U.S.C. § 362 |

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Response to the Creditor's Supplement to Creditor's Motion for Limited Relief from the Stay has been served on October 06, 2025, by first class mail*, postage prepaid upon those listed below:

    Trustee:
    Scott F. Waterman, Esquire
    Chapter 13 Trustee for Eastern District of Pennsylvania
    2901 St. Lawrence Ave., Suite 100, Reading, PA 19606
    Philadelphia, PA 19103

Office of the United States Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107

Matthew Fissel, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
Attorney for Creditor/Movant/Applicant

                             Respectfully submitted:

                             */s/ Drema O'dell*
                             Drema O'dell, *Pro Se*
                             P.O. Box 205
                             Edgmont, PA 19028
                             267-418-5177

* Because of the limited time between now and the scheduled hearing on October 8, 2025, the response, proposed Order and certificate of service are also being provided by other means, including shipping via FedEx and transmission via e-mail.