IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re:
Drema O'Dell

Debtor

CHAPTER 13
NO. 22- 12578 AMC

FILED
SEP 14 2026
CLERK OF COURT
BY [signature] DEP. CLERK

**DESIGNATION OF RECORD ON APPEAL AND STATEMENT OF MATTERS ON APPEAL**

September 5, 2023 order from Judge Chan
Cascade's two denials of motions to open and strike
Cascade's motion for limited relief
Debtor's response and supplemental response
Transcript of the hearing on Cascade's motion for limited relief
January 9, 2026 Order from Judge Chan
Cascade's Chester County Motion to Enforce Court Order
Debtor's motion to strike Cascade's Motion to Enforce Court Order
Judge Verwey's March order
Cascade's response to Debtor's motion to strike Cascade's Motion to Enforce Court Order
Judge Verwey's April 9, 2026 order
Debtor's motion for reconsideration of April 9, 2026 Order in Chester County
Debtor's responses in Chester County to Cascade's Motion to Enforce
The continuance requests preceding the July 1, 2026 hearing in Chester County Court of Common Pleas
Transcript of the July 1 hearing in Chester County
Judge Verwey's July 1, 2026 Order
Motion for reconsideration of July 1, 2026 Order of Judge Verwey

The statement of matters on appeal:

1. A judge always has jurisdiction to rule on whether someone, including another judge, is acting in contempt of the judge's order
2. It is not an appeal of a state court decision to have the bankrupcty judge examine whether the state court judge is willfully acting in contradiction to federal law and the bankrupcty judge's own order.
3. In this particular instance, Cascade misrepresented the Order of January 9, 2026 in order to convince the state court to act in contradiction to Pennsylvania statute (42 Pa.C.S. §5505). Cascade's fraud on the state court was what convinced the state court to accept the Motion to Enforce Court Order, as if there was litigation for Cascade to pursue in the specific performance case. In Cascade's opposition to the motions for contempt, Cascade misrepresented the action in state court as a quiet title action in order to conceal Cascade's specific performance obligations, and Cascade relied on its own fraudulent misrepresentation to the state court of the January 9, 2026 Order of the bankrupcty court in order to convince the state court that the bankrupcty court had imposed some kind of claim to be raised in the specific performance action as if it was the quiet title action that Cascade had requested permission to pursue. Then, in its opposition to the contempt motions, Cascade relied on its fraud on the state court to claim that there was now "litigation" in the specific performance action to pursue, which would then invoke the bankruptcy court's September 5, 2023 order, allowing Cascade to pursue litigation in the specific performance action.

Cascade's fraud caused the state court to allow its Motion to be in the specific performance action, when there was no actual litigation for Cascade to pursue in that state court action. The October 17, 2022 Order of Judge Griffith is a final order. There is no claim for Cascade in the action. The decision is final, and it cannot be modified. 42 Pa.C.S. §5055

Cascade received a decision from the bankruptcy court on January 9, 2026--using Cascade's own form--that gave Cascade permission to pursue a quiet title action.

Cascade then lied to the state court and represented that the permission to pursue a quiet title action meant that Judge Chan gave Cascade a new debt collection claim to litigate in the specific performance action.

The only reason why there is any activity in the specific performance action right now is Cascade's fraud on both courts.

There is still no litigation for Cascade to pursue in the specific performance action.

Cascade's defense to the motion for contempt was that its fraud generated fraudulent litigation in the specific performance action, and that, since Judge Verwey was willing to accept and join in Cascade's fraud, the fraudulent litigation was now legitimate, and that legitimized the fraud as litigation in the specific performance action pursuant to the September 5, 2023 order of this Court.

The debtor properly objected to Cascade's and Judge Verwey's fraud and their contempt of the January 9, 2026 Order of this Court.

The text of each order is a matter of record.

Cascade's misrepresentation to Judge Verwey of the text of the January 9, 2026 Order of this Court is a matter of record.

Cascade's continuing misrepresentations of the state action as a quiet title action is a matter of record.

42 Pa.C.S. §5505 is "black letter" law. The decisions in Pennsylvania courts regarding the jurisdiction of a Pennsylvania court to modify the final order in an action have been cited and are known to every party in this action and in the state court action.

The bankruptcy court judge has jurisdiction and authority to review 42 Pa.C.S. §5505 and the cases addressing modification of final orders of court in Pennsylvania, and the bankruptcy court judge has the jurisdiction and authority to declare whether the creditor is defrauding both courts, acting in contravention to 11 U.S.C. §362, 11 U.S.C. §547, the January 9, 2026 Order of this Court, the September 5, 2023 Order of this Court and 42 Pa.C.S. §5505 to the harm of and prejudice against the Debtor. The bankruptcy court judge has jurisdiction and authority to review 42 Pa.C.S. §5505 and the cases addressing modification of final orders of court in Pennsylvania, and the bankruptcy court judge has the jurisdiction and authority to declare whether the state court judge is joining the creditor in defrauding both courts, acting in contravention to 11 U.S.C. §362, 11 U.S.C. §547,

the January 9, 2026 Order of this Court, the September 5, 2023 Order of this Court and 42 Pa.C.S. §5505 to the harm of and prejudice against the Debtor.

It is not an appeal of the state court decision to recognize the fraud of the creditor and the judge and hold them in contempt.

4. On this record, this Court should have ruled that the creditor and the Honorable Anthony T. Verwey are in contempt of both the January 9, 2026 and September 5, 2023 Orders of this Court

5. Pennsylvania law is clear that the valid agreement of sale renders the buyer the equitable owner of real property, and the seller's position as grantee in the deed before the sale is the seller's security interest in the real property. If the bankruptcy court is going to rule that Cascade has no secured interest in the premises at 1801 Whispering Brooke Drive, the Court must explicitly declare that decision.

Respectfully,

Drema O'dell, *Pro Se*
P.O. Box 205
Edgmont, PA 19028
267-418-5177

Date: September 10, 2026

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In Re:
Drema O'Dell

Debtor

CHAPTER 13
NO. 22- 12578 AMC

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing DEBTOR'S DESIGNATION OF RECORD ON APPEAL AND STATEMENT OF MATTERS ON APPEAL has been served on September __10_, 2026, by first class mail, postage prepaid upon those listed below:

Trustee:
Scott F. Waterman, Esquire
Standing Chapter 13 Trustee
2901 St. Lawrence Avenue, Suite 100
Reading, PA 19696

Office of the United States Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107

Matthew Fissel, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
Phone: (215) 627-1322 Fax: (215) 627-7734
Attorney for Respondent

bkgroup@kmllawgroup.com

The Honorable Anthony T. Verwey
Court of Common Pleas of Chester County, Pennsylvania
Justice Center, Courtroom 2
201 West Market Street
West Chester, PA 19380-0989
610-344-4230

Service on the Clerk is by overnight delivery to the Clerk's office at 900 Market Street, Suite 400 Philadelphia, PA 19107.

Respectfully submitted:

D. O'Dell

Drema O'dell, *Pro Se*
P.O. Box 205
Edgmont, PA 19028
267-418-5177